Abraham Hicks v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-144-CR

     ABRAHAM HICKS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 262nd District Court
Harris County, Texas
Trial Court # 745262
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Hicks appeals from his conviction for injury to an elderly person, for which he was
sentenced to 12 years in the Texas Department of Criminal Justice-Institutional Division.
      Walter Kuykendall, the victim, is a 67-year-old retired soldier. At 6:30 a.m. on April 25,
1996, he went to the rear of the Rice Supermarket in his truck, as was his custom. Kuykendall had
the manager's permission to take left-over lettuce from the dumpster to feed his rabbits at home. 
He had done this for 20 years. The rear of the store, where the dumpster is located, is protected
by a cyclone fence with a gate.
      Appellant was also inside the fence at this time and closed the gate as Kuykendall was
attempting to leave. Kuykendall got out of his truck to ask Appellant to open the gate and
Appellant struck him with a baseball bat. Appellant yelled that the stuff in the dumpster belonged
to him. Appellant told Kuykendall he was going to kill him; struck him three times in the head
with the bat; and many times on his body.
      Melvin Brown, a delivery man, was in the rear of the Rice Supermarket store. He confronted
Appellant after the assault; Appellant admitted he beat Kuykendall; and gave Brown the bat.
      Kuykendall suffered a skull fracture ; was unconscious 30 days; underwent brain surgery; and
has permanent injuries as a result of the beating.
      Appellant was indicted for injury to a person over 65 years-of-age by striking him with a club
on April 25, 1996, in this cause No. 745262. The indictment states on its face: "Prior Cause No.
721226" [aggravated assault with a deadly weapon].
      Trial was to a jury which found Appellant guilty. Appellant elected to have the judge assess
punishment. The judge assessed punishment and sentenced Appellant to 12 years in prison.
      Appellant appeals on 2 points of error:
      Point 1: The trial court committed reversible error by failing to adequately
admonish Appellant of the dangers and disadvantages of self
representation in this cause.
 
      On January 27, 1997, Judge Mark Ellis called Cause 721226, State v. Abraham Hicks, Assault
with a Deadly Weapon. Appellant stated he wanted to waive his right to counsel and represent
himself. Judge Ellis conducted a hearing covering 40 pages of the statement of facts, during which
he gave Appellant a most thorough admonishment on the dangers and disadvantages of self
representation.
      The court then found: "That Appellant's waiver of attorney is voluntary, it is knowledgeable,
that you know what you are doing, this is the last time I'm going to say anything. I think it’s a
bad idea to represent yourself, but it's not my decision to make." Judge Ellis then continued the
hearing to January 30, 1997. At the January 30 hearing, Judge Ellis appointed Honorable Tyrone
Moncriffe, an experienced criminal attorney, as "back up counsel" for Appellant, "to be present
with him during hearings and trial and for the purpose of giving advice if Appellant should ask for
same."
      On February 20, 1997, Judge Doug Shaver called Cause 721226, State of Texas v. Abraham
Hicks, Aggravated Assault with a Deadly Weapon, and Cause 745262, State of Texas v. Abraham
Hicks, Serious Bodily Injury to an Elderly Person, to rule on pretrial motions. Present were
Appellant and attorney Moncriffe. Judge Shaver then gave Appellant further admonitions
concerning the dangers of self representation. Appellant responded, "O.K." Judge Shaver made
a docket entry: "The court admonished the def. to self rep."
      On March 3, 1997, Judge Jan Hughes called Cause 745262 (this case) for trial. The State and
Appellant both announced ready. Judge Hughes stated that "Appellant was present, that seated with
him was an attorney, Mr. Tyrone Moncriffe, who will be advising him during the trial; Appellant
wants to be his own lawyer; that he has been admonished of the consequences; that he has been
amply given the warnings we have to give defendants who want to represent themselves."
      A defendant has the right to prosecute his legal defense on his own and without the aid of
counsel. Hathorn v. State, 848 S.W.2d 101, 122 (Tex. Crim. App. 1992). To invoke the right
of self representation, a defendant should be made aware of the dangers and disadvantages of self
representation so the record will establish that he knows what he is doing and his choice is made
with his eyes open. Goffney v. State, 843 S.W.2d 583, 584 (Tex. Crim. App. 1992).
      In this case Appellant was admonished on three different occasions. Appellant complains his
first admonishment by Judge Ellis was in Cause 721226, the aggravated assault with a deadly
weapon indictment. The record shows that Cause 721226 was a prior indictment of Cause 745262
(this cause) but, in any event, Appellant was admonished twice in this cause. While Appellant was
permitted to represent himself, the trial court appointed Mr. Moncriffe, an experienced criminal
lawyer, to advise and assist him. Appellant was properly admonished.
      Point 1 is overruled.
      Point 2: The trial court abused its discretion by admitting into evidence a prior
misdemeanor conviction for injury to a child, offered for impeachment,
which was similar to the offense charged (injury to an elderly person),
contrary to Texas Rules of Criminal Evidence 609(a).
 
      The State offered to prove that Appellant was convicted of injury to a child in 1993. 
Appellant's counsel objected that the evidence was irrelevant. The trial court overruled the
objection and admitted the evidence. The issue has not been preserved on appeal.
      At trial the objection was that the evidence was irrelevant; on appeal Appellant complains the
evidence was improper for impeachment under Rule 609.
      For an issue to be preserved on appeal there must be a timely objection which specifically
states a legal basis for objection; an objection stating one legal basis may not be used to support a
different legal theory on appeal. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
      Moreover the matter was harmless. Evidence of Appellant's guilt was overwhelming. We
determine beyond a reasonable doubt that the evidence made no contribution to Appellant's
conviction or punishment. Tex. R. Crim. Evid. 81(b)(2).
      Point 2 is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 1, 1997
Do not publish