COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ANDREW DENNIS MCGREW,                          )

                                                                              )              
No.  08-04-00293-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                      County Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Ward County, Texas

Appellee.                           )

                                                                              )                      (TC# 24,465)

                                                                              )

 

 

O
P I N I O N

 

Appellant Andrew
Dennis McGrew appeals his conviction for driving while license suspended.  See Tex.Transp.Code
Ann. ' 521.457
(Vernon Supp. 2005).  The jury found
Appellant guilty of the offense and the trial court assessed punishment at six
months confinement in the Ward County Jail, a fine of $2,000, and $226 in court
costs.[1]  On appeal, Appellant contends that the trial
court abused its discretion by:  (1)
overruling his objection to consolidation of cases; (2) denying his request for
counsel; (3) not recognizing his New Mexico driver=s
license; and (4) failing to present all cases together for one verdict.  We affirm.








In a consolidated
trial, Appellant was tried for driving with license suspended in cause numbers
24,076, 24,307, and 24,465.[2]  At trial, Trooper Johnny Jason Anzaldua
testified that on February 10, 2003, he observed a green Ford Mustang
convertible on Business Interstate 20 in Ward County with a defective license
plate light.  The officer initiated a
traffic stop.  The driver, later
identified as Appellant, presented his New Mexico driver=s
license.  Trooper Anzaldua had the New
Mexico license run through the DPS database, which showed that Appellant had a
suspended/revoked Texas driver=s
license for failure to comply with registration requirements as a sex
offender.  Appellant informed Trooper
Anzaldua that he was living in Pecos, but also received mail at a New Mexico
address and had gone to New Mexico to get his driver=s
license.  Appellant, however, was
operating a vehicle that was registered in Texas.  Trooper Anzaldua arrested Appellant for
driving with license suspended.  On
cross-examination, Trooper Anzaldua agreed that Appellant presented a valid New
Mexico license, but also stated that it was invalid for Texas.








On June 4, 2003,
Monahans Police Officer Alex Leon observed a green Ford Mustang swerve within a
traffic lane on West Sealy.  Officer Leon
initiated a traffic stop to do a welfare check on the driver.  The driver, Appellant, gave the officer a New
Mexico driver=s
license.  Officer Leon ran a check
through the Texas Data Systems, which returned information on a Texas driver=s license for Appellant.  The dispatcher advised Officer Leon that the
Texas license had been suspended and/or revoked for failure to register as a
sex offender.  Appellant denied ever
having a Texas driver=s
license and when the officer ran the New Mexico license through the system, it
also showed that he had a license through New Mexico as well.  Appellant gave the officer a Pecos address
and did not say he was living in New Mexico. 
Officer Leon explained to Appellant that a Texas driver=s license was issued first and that it
took prominence over the New Mexico license. 
Officer Leon gave Appellant a citation and told Appellant that he would
investigate the matter further.  On June
6, the dispatcher confirmed with the DPS Driver Improvement Control Division
that Appellant=s driver=s license has been revoked indefinitely
because he failed to renew his driver=s
license and to meet the requirements as a sex offender.  Appellant=s
driver=s license
had been revoked on April 11, 2002.[3]

Officer Leon
obtained an arrest warrant for Appellant and arrested him on July 22,
2003.  On that day, Officer Leon saw
Appellant driving an >88
Cadillac Sedan on North Eva.  Officer
Leon activated the overhead lights to conduct a traffic stop.  Appellant did not present a valid Texas
license to the officer.  Officer Leon
subsequently charged him again for driving while license suspended on the same
date.

Appellant admitted
into evidence his driver=s
license record in the state of New Mexico for purposes of showing that he had a
valid New Mexico license.  The license
record shows that his New Mexico license expires on March 18, 2006 and lists an
address in Carlsbad, New Mexico.  The
record also indicates that the New Mexico license was issued on January 22,
2002.








In his second
issue, Appellant argues that the trial court abused its discretion in denying
his request for counsel.  Specifically,
Appellant asserts that the trial court erred by not appointing an attorney as
first chair, or alternatively, should have appointed standby counsel.  On June 8, 2004, Mr. Greg Holly filed a
motion to withdraw as counsel, stating that he was unable to effectively
communicated with Appellant so as to adequately represent him.  Appellant did not agree to nor did he sign
the withdrawal.  On the same date, the
trial court granted the motion, noting that A[i]f
Mr. McGrew wishes to request another lawyer, then the court will consider the
request.@

At the pretrial
hearing on motions on the day of trial, the trial court stated the following:

[A]nd Mr. McGrew, I realize you=re not being represented by counsel
here today.  I realize you had counsel
appointed, that that counsel withdrew and you=ve
never requested any other counsel.

 

Appellant agreed with the court=s statement and in response to the
court=s
question, A[d]o you
intend to represent yourself this morning?@
Appellant stated that he needed counsel because he has not Abeen able to get things done by myself.@ 
The trial court noted that Appellant had previously requested that he
represent himself on several occasions and Appellant agreed with this
statement.  However, Appellant complained
that he had not received the file from his last attorney.  After some discussion, Appellant agreed that
except for some letters that he had written to his attorney requesting to go to
trial, he had the complete copy of his file. 
The trial court held that it was going to grant Appellant=s request to represent himself in the
case.








Appellant argues
that before a defendant can voluntarily and knowingly waive his constitutional
right to an attorney, he must be warned by the trial judge on the dangers and
disadvantages of proceeding without an attorney.  The Sixth Amendment implies the right to self‑representation,
and the right to assistance of counsel is intended only to supplement that
right.  Faretta v. California, 422
U.S. 806, 829‑30, 95 S.Ct. 2525, 2538-39, 45 L.Ed.2d 562 (1975).  The Sixth and Fourteenth Amendments to the
United States Constitution guarantee the right of an accused to conduct his or
her own defense.  Id. at 807, 95
S.Ct. at 2527.  The decision to proceed pro
se is made knowingly and intelligently if it is made with a full
understanding of the right to counsel, which is being abandoned, as well as the
dangers and disadvantages of self‑representation.  Id. at 835, 95 S.Ct. at 2541.  As the Court of Criminal Appeals explained in
Johnson v. State, 760 S.W.2d 277 (Tex.Crim.App. 1988):

[T]he record must be sufficient for the
reviewing court to make an assessment that appellant knowingly exercised his
right to defend himself.  Admonishments
of defendants who wish to proceed pro se should include an effort to ensure that
the defendant is aware of the practical disadvantages of representing
himself.  The defendant should be aware
that there are technical rules of evidence and procedure, and he will not be
granted any special consideration solely because he asserted his pro se rights.

 

Id. at 279.

 








From the record,
we know that Appellant confirmed that he had requested to represent himself on
previous occasions, but the record contains no waiver of his right to
counsel.  See Tex.Code Crim.Proc.Ann. art.
1.051(g)(Vernon 2005); see also Goffney v. State, 843 S.W.2d 583, 585
(Tex.Crim.App. 1992)(although Article 1.051(g) is not mandatory, record must be
sufficient for the reviewing court to make an assessment that the defendant was
made aware of the dangers and disadvantages of self-representation).  Further, the court did not advise Appellant
of the dangers and disadvantages of self-representation before granting his
alleged request for self-representation. 
Based on the record before us, we do not know whether or not Appellant
was ever made aware of the danger and disadvantages of self-representation in
any prior hearings.[4]

Because the record
does not reflect that the Appellant received sufficient admonishments prior to
the court=s
granting of his request to represent himself, we will conduct a harm analysis
for constitutional error.  See
Fulbright v. State, 41 S.W.3d 228, 235 (Tex.App.‑-Fort Worth 2001,
pet. ref=d).  According to Rule 44.2(a), we must reverse
the trial court=s
judgment unless we determine beyond a reasonable doubt that the alleged error
did not contribute to Appellant=s
conviction or punishment.  Tex.R.App.P. 44.2(a); Fulbright,
41 S.W.3d at 236, citing Mosley v. State, 983 S.W.2d 249, 259
(Tex.Crim.App. 1998).  Thus, we must
determine beyond a reasonable doubt if Appellant=s
ineffective waiver and lack of counsel contributed to his conviction or
punishment.








The record shows
that on June 8, 2004, the trial court granted Appellant=s
counsel=s motion
to withdraw.  In the order, the court
directed Appellant=s counsel
to provide immediate written notification to Appellant of any additional
settings or deadlines of which Appellant had not already been notified.  The order also informed Appellant that any
request for another counsel would be considered by the court.  Subsequently, Appellant filed a pro se writ
of habeas corpus, which the State answered by general denial.  On July 12, 2004, Appellant filed a pro se
motion objecting to the State=s
general denial and re-asserted his right to habeas corpus relief.  On the same date, Appellant also filed a pro
se motion objecting to consolidating trials.  The court heard Appellant=s argument on both motions before trial
and both were denied.

It is clear that
Appellant intended to represent himself and had done so before his request for
another counsel.  When Appellant did
request counsel, his complaint was that he had not received a file from his
last counsel.  According to the State, it
has an open-file policy in criminal cases and made a complete copy of the files
in Appellant=s case,
which was provided to Appellant because his last counsel was on vacation.  Appellant agreed that he had a complete copy
of the file from the County Attorney=s
office.  Appellant never requested
stand-by counsel.

At the trial, the
trial court explained voir dire and jury selection to Appellant, stating that
Appellant had chosen to represent himself. 
Appellant pleaded not guilty to every charge.  Appellant gave opening argument to the
jury.  In his opening argument, Appellant
presented his defense theory in the case, arguing that he had moved to New
Mexico and obtained a New Mexico driver=s
license, at which time his Texas driver=s
license was declared no longer valid, therefore he could not register as a sex
offender in Texas.  Appellant asserted in
his defense that there was no case against him because he had a valid New
Mexico driver=s license
while the Texas license was not valid when it was suspended.  In the State=s
case-in-chief, Appellant 








cross-examined both of the State=s witnesses, Officers Anzaldua and
Deleon, questioning them extensively on the validity of his New Mexico driver=s license and its issuance before the
Texas license was suspended.  After the
State rested, Appellant introduced into evidence the official records on his
New Mexico license to verify that he had a valid New Mexico license.  In his closing argument, he again argued that
his New Mexico license was valid, that the failure in communication was not his
fault, and that he was not guilty.  The
jury found Appellant guilty in causes 24,307 and 24,465, but not guilty in
cause 24,076.  At the punishment phase,
Officer Orlando Orona testified about Appellant=s
criminal history and record.  Appellant 

cross-examined the officer on the
particular convictions and confirmed that he had a driving while suspended
license charge that was dismissed.  In
closing, Appellant argued that he did not really have any trouble in terms of
convictions, just some tickets.  The
trial court sentenced Appellant to six months confinement in the Ward County
Jail, a fine of $2,000, and $226 in court costs.  Appellant was appointed counsel for his
appeal.

After reviewing
the entire record, we conclude that the trial court=s
failure, if any, to admonish Appellant thoroughly about the dangers and
disadvantages of self-representation before he decided to waive counsel and
represent himself would not have resulted in a different outcome of Appellant=s trial.  Rather, the record shows an absence of harm
to Appellant who adequately prepared his own defense, participated in cross-examination,
introduced evidence at trial, and was steadfast in his demand to go to trial on
the misdemeanor charges without further delay. 
Accordingly, we hold beyond a reasonable doubt the alleged error did not
contribute to Appellant=s
conviction or punishment.  See Tex.R.App.P. 44.2(a).  Issue Two is overruled. 








In Issue One,
Appellant argues that the trial court abused its discretion in overruling his
objection to consolidation of cases. 
Specifically, Appellant argues that the not guilty finding in cause
number 24,076 should have applied to causes numbers 24,307 and 24,465.  Appellant cites no authorities in support of
his contention, therefore we find that the issue has been waived for inadequate
briefing on appeal.  See Tex.R.App.P. 38.1(h); Jackson v.
State, 50 S.W.3d 579, 591 n.1 (Tex.App.‑‑Fort Worth 2001, pet.
ref=d)(explaining that by raising an issue
and failing to present any argument or authority on that issue, the party
waives that issue).  In his fourth issue,
Appellant contends that the trial court abused its discretion by Anot presenting all cases together for
one verdict@ after
consolidation.  Appellant has failed to
provide any argument on this issue, therefore we conclude that he has likewise
waived this issue for inadequate briefing. 
See Tex.R.App.P.
38.1(h).  Issues One and Four are
overruled.

In his third
issue, Appellant complains that the trial court abused its discretion in not
recognizing his New Mexico driver=s
license.  Because the issue of whether
Appellant had a valid New Mexico driver=s
license prior to the suspension of a non-existent Texas driver=s license was a question of fact for
the jury, the trial court could not have abused its discretion by failing to
take judicial notice of that fact.  Issue
Three is overruled.

We affirm the
trial court=s
judgment.

 

 

April
6, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant was also charged with driving with license suspended in cause numbers
24,307 and 24,076.  Appellant was found
not guilty in cause number 24,076. 
Appellant has appealed the judgment rendered in cause number 24,307,
which this Court has affirmed in an opinion issued this same date.  See McGrew v. State, No.
08-04-00292-CR (Tex.App.--El Paso April 6, 2006, n.p.h.)(not designated for
publication). 





[2]
Appellant was also charged with driving with license suspended in cause numbers
24,653 and 24,809.  Both of these cases,
however, were dismissed before trial.





[3]
The State admitted into evidence Appellant=s
driver=s license
record in the state of Texas, which states that his driver=s license was revoked on April 11, 2002
Aas authorized in Texas Transportation
Code 521 for failing to renew/apply for a driver license/ID as required per
Chapter 62 Texas Code of Criminal Procedure.@  The record also shows that as of May 16,
2001, AClassified-Sex
Offender required until the registration requirement per Chapter 62 Texas Code
of Criminal Procedure expires.@





[4]
The State alleges in its brief that the trial judge in previous pretrial
hearings completely advised Appellant under Article 1.051(c) & (h) of the
Texas Code of Criminal Procedure, but none of its citations to the record
support this contention.  The record only
shows that the State prosecutor stated that A[o]n
numerous occasions, I=ve
read the letters where [Appellant] fired his attorney that was court appointed
on behalf of the Court, where he said he wanted to represent himself, so I don=t know. 
I mean I think it=s
primarily dilatory, which means it=s
primarily for the purposes of delay.@  The docket sheet indicates that a pretrial
setting in cause 24,465 was held on February 12, 2004.  This setting occurred prior to Appellant=s appointed counsel=s filing of the motion to withdraw.