COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Corey James Bravo v. The State of Texas

Appellate case number:    01-12-00923-CR

Trial court case number:  1788210

Trial court:              Co Civil Ct at Law No 2 of Harris County

The Clerk of the Court has examined the clerk's record and has found that it does not comport with the Texas Rules of Appellate Procedure, in that the trial court's certification of appellant's right of appeal is defective. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1. The certification, although signed by the judge and appellant's trial counsel, is not signed by appellant and does not indicate whether or not appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(d). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Further, although appellant timely appealed on September 14, 2012, no attorney has appeared in this Court on appellant's behalf and appellant has provided no documentation regarding his appellate representation. Appellant was represented by retained counsel in the trial court, but counsel did not sign the notice of appeal for appellant, who signed the notice himself, thereby indicating that counsel did not intend to represent appellant on appeal. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). Nor does the record contain any indication that appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of the right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West Supp. 2012); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g). Therefore, the record is unclear as to whether appellant intends to hire new counsel or to proceed pro se after voluntarily and intelligently waiving the right to counsel.

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which the appellant and a representative of the Harris County District Attorney's Office shall be present. Appellant shall

be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal, which certification shall be signed by appellant;
2) Determine whether appellant still wishes to pursue this appeal;
3) Determine whether appellant is now indigent;
   a. If so, appoint appellate counsel at no expense to appellant;
   b. If not, admonish appellant regarding the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which shall be no later than 30 days from the date of the hearing;
4) Make any other findings and recommendations the trial court deems appropriate; and
5) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders, and the certification of appellant's right to appeal, with this Court no later than 25 days from the date of this order. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the reporter's record of the hearing no later than 25 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 25 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and any counsel appellant may have shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court.  The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Justice Sharp
⊠  Acting individually     ☐  Acting for the Court


Date:  December 19, 2012