COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Iririan Salinas v. The State of Texas

Appellate case number:      01-13-00552-CR

Trial court case number:    1854915

Trial court:                County Criminal Court at Law No. 14 of Harris County

The complete record has been filed in the above-referenced appeals since July 9, 2013. Appellant's brief was therefore due on August 8, 2013. On August 16, 2013, the Clerk of this Court notified appellant that a brief had not yet been filed and required that a response be filed within 10 days. Appellant has neither responded to the notice nor filed a brief.

Further, although appellant timely appealed on June 24, 2013, no attorney has appeared in this Court on appellant's behalf and appellant has provided no documentation regarding his appellate representation. Appellant was represented by retained counsel in the trial court, but counsel did not sign the notice of appeal for appellant, who signed the notice himself, thereby indicating that counsel did not intend to represent appellant on appeal. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). Nevertheless, if a retained trial counsel does not wish to continue to represent an appellant, counsel must file a motion to withdraw. *See Whitehead*, 130 S.W.3d at 879. No motion to withdraw appears in the record. Nor does the record contain any indication that appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of the right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West Supp. 2013); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g). Therefore, the record is unclear as to whom, if anyone, represents appellant on appeal.

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Roy Abner, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Determine whether counsel, Roy Abner, intends to represent appellant on appeal;
3) If counsel does not intend to represent appellant on appeal:
   a. Determine whether appellant is now indigent;
      i. If so, appoint substitute appellate counsel at no expense to appellant;
      ii. If not, admonish appellant regarding the dangers and disadvantages of self-representation, and:
         1. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or,
         2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;
   b. After making the indigency determination, enter an order allowing counsel to withdraw;
4) If counsel intends to represent appellant on appeal, set a deadline by which appellant's brief must be filed, which shall be no later than 30 days from the date of the hearing, regardless of whether this Court has reinstated the appeal;
5) Make any other findings and recommendations the trial court deems appropriate; and
6) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

---

1     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.6(a); *Whitehead*, 130 S.W.3d at 879; *Jones*, 98 S.W.3d at 703; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than 25 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 25 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 25 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                ☒   Acting individually    ☐  Acting for the Court

Date: February 6, 2014