COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:     Michael Oduro Kwarteng v. The State of Texas

Appellate case number:   01-13-00908-CR; 01-13-00909-CR

Trial court case number: 1365142

Trial court:             182nd District Court of Harris County

Appellant, Michael Oduro Kwarteng, pleaded guilty and was convicted of the offense of aggravated assault with a deadly weapon. The complete record has been filed in the above-referenced appeals since November 7, 2013. Appellant's brief was due on January 9, 2014. On February 5, 2013, the Clerk of this Court notified appellant that a brief had not yet been filed and required that a response be filed within 10 days. On February 14, 2014, appellant responded with a pro se motion requesting an extension of time to file his appellant's brief, and on February 25, 2014, appellant filed a motion for appointment of counsel.

Although appellant was represented by retained counsel in the trial court, counsel did not sign the notice of appeal for appellant, who signed the notice himself, thereby indicating that counsel did not intend to represent appellant on appeal. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). Nevertheless, if retained trial counsel does not wish to continue to represent an appellant, counsel must file a motion to withdraw. *See Whitehead*, 130 S.W.3d at 879. No motion to withdraw appears in the record. Nor does the record contain any indication that appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of the right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West Supp. 2011); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g). Therefore, the record is unclear as to whom, if anyone, represents appellant on appeal.

Accordingly, we abate the appeals and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Arthur Jerome White, III, shall be present. At the trial court's discretion, appellant

may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue these appeals;
2) Determine whether counsel, Arthur Jerome White, III, intends to represent appellant on appeal;
3) If counsel does not intend to represent appellant on appeal:
   a. Determine whether appellant is now indigent, and if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;
   b. If appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:
      1. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or,
      2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;
4) Make any other findings and recommendations the trial court deems appropriate; and
5) Forward a record of the proceedings, together with any findings and orders regarding appellate representation.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.8(b); *Whitehead*, 130 S.W.3d at 879; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall conduct the hearing and make appropriate orders within 30 days of the date of this order. The trial court reporter and clerk are directed to file supplemental records containing the trial court's findings and orders with this Court within 45 days of the date of this order.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

We dismiss appellant's motion for an extension of time to file his appellant's brief and appellant's motion for appointment of counsel as moot.

It is so ORDERED.


Judge's signature: /s/ Jane Bland

☑ Acting individually    ☐ Acting for the Court


Date:  February 27, 2014