**Larry GOFFNEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 699–91, 700–91.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1992.

Mark Jaynes (court-appointed), Waco, for appellant.

John W. Segrest, Dist. Atty., and Lyle V. Gripp, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

Appellant was convicted of driving while intoxicated and unlawfully carrying a weapon. *See,* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1991); V.T.C.A., Penal Code, Section 46.06. Appellant waived counsel and was tried and convicted by a jury. The trial court assessed punishment of 90 days confinement and a $100 fine for each offense. The Waco Court of Appeals reversed the conviction in *Goffney v. State,* 812 S.W.2d 351 (Tex.App.—Waco 1991).

We granted review to determine (1) whether the Court of Appeals erred in holding that, when a defendant represents himself, reversible error will result if the record on appeal does not include a statement substantially in the same form as that suggested by Article 1.051(g), V.A.C.C.P., and (2) whether the Court of Appeals erred in failing to apply the presumption of regularity to these judgments of conviction and to the proceedings.

The sole references to the representation of the Appellant appear in the docket sheet, the judgment and the sentence. The docket sheet merely states the defendant appeared *pro se,* waived counsel and waived the record. The judgment and the sentence state that the defendant "knowingly, intelligently and voluntarily waived his right to counsel." The question before this Court is whether this language is sufficient to meet the requirements of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) or of Article 1.051(g), V.A.C.C.P. We hold the language insufficient and affirm the judgment of the Court of Appeals.

In order to invoke the right of self-representation, a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open." *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. As we stated in *Blankenship v. State:*

> While *Faretta* does not mandate an inquiry concerning appellant's age, edu-

cation, background or previous mental health history in every instance where an accused expresses a desire to represent himself, *Martin v. State*, 630 S.W.2d 952, 954 (Tex.Crim.App.1982), the *record must contain proper admonishments concerning pro se representation* and any necessary inquiries of the defendant so that the trial court may make an assessment of his knowing exercise of the right to defend himself. *Faretta*, supra, 422 U.S. at 836, 95 S.Ct. at 2541.

673 S.W.2d 578, 583 (Tex.Crim.App.1984) (Emphasis added).

■ Although Article 1.051(g), V.A.C.C.P. is not mandatory,[1] the record must be sufficient for the reviewing court to make an assessment that the defendant was made aware of the dangers and disadvantages of the self-representation. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim.App.1988); *Faretta*, supra.

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which must show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver.

*Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). The absence of evidence of admonishments being given to the defendant fails to meet the requirements of *Faretta* and *Johnson*.

■ The State, nevertheless, contends that the "presumption of regularity of a trial court's judgment" should apply in cases of waiver of counsel just as the presumption applies in waiver of a jury trial. When a judgment recites that a defendant has in writing and in open court waived a jury trial, the recital is presumed sufficient to establish that the defendant validly waived his right to trial by jury, absent an affirmative showing to the contrary. *Vega v. State*, 707 S.W.2d 557, 558–559 (Tex. Crim.App.1986) (Opinion on Rehearing). The State argues that because the judge found the defendant knowingly and intelligently waived his right to counsel, the admonishments should be presumed to have been given prior to any finding of a knowing and intelligent waiver by the defendant. The State's analogy fails to recognize the fundamental inquiry of this Court and the Supreme Court. The focus of the analysis when a defendant asserts his rights of self-representation is not solely on whether there was an actual waiver of the right to counsel, but instead whether the defendant was aware of the dangers and disadvantages of self-representation.

> [This Court is] unable to agree … that there should be applied "the well recognized rule that the actions of a trial court are presumed to be valid." Clearly, Supreme Court insistence that the "record will establish" that one who would represent himself "knows what he is doing and his choice is made with eyes open" charges the trial court with the responsibility of making a record.

*Martin*, 630 S.W.2d n. 4 at 954; *See also, Johnson v. State*, supra.

The State also contends it is the responsibility of the party to request a record of the proceedings under TEX.R.APP.P. Rule 11. While this is true, prior to any act of self-representation by the defendant, the record should reflect that the admonishments were given to the defendant. Had the admonishments been appropriately given, the defendant could not now complain of the absence of a record on appeal. *Hawkins v. State*, 613 S.W.2d 720, 728 (Tex. Crim.App.1981); *Martin v. State*, 630 S.W.2d at 956. The absence of evidence of admonishments being given to the defendant fails to meet the requirements of the Supreme Court. *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Johnson*, 760 S.W.2d at 279.

Because the record does not contain the admonishments of the dangers and disadvantages of self-representation as required by *Faretta*, we affirm the judgment of the Court of Appeals.

MILLER, Judge, dissenting.

As the author of this Court's opinion in *Blankenship v. State*, 673 S.W.2d 578 (Tex. Crim.App.1991).

---

1. *Burgess v. State*, 816 S.W.2d 424, 431 (Tex.

Crim.App.1984), I feel compelled to comment. The majority holds that "[b]ecause the record does not contain the admonishments of the dangers and disadvantages of self-representation as required by *Faretta [v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)]," the defendant is entitled to a new trial. At p. 585. I adhere to the pronouncements in *Blankenship,* and even the majority opinion, that a defendant must be admonished as to the dangers and disadvantages of self-representation in order to make an intelligent waiver in that regard. I dissent in this cause because I believe the record adequately reflects such admonishments were given.

The judgment in this case reflects that appellant "... knowingly and intelligently waived his right to counsel ..." That conclusion by the trial judge, in my opinion, implicitly incorporates the notion that the defendant *was* properly admonished before waiving his right to an attorney. In other words, the waiver was intelligently made because the defendant was warned of the risks of self-representation and consciously weighed them.

The concerns expressed by the majority opinion would be satisfied if *somewhere* in the record, be it the docket sheet, the judgment, etc., it was expressly stated (rather than implicitly reflected) that the admonishments were given. The majority appears to want something more than a recitation of an "intelligent" waiver in the judgment of the trial court. I find the recitations in the judgment adequately reflect appellant was properly admonished and his Sixth Amendment right protected.

I reiterate, however, that trial judges should follow the rules of *Blankenship,* as apparently did the trial judge in this cause. It becomes only a question of whether the wording in the judgment is sufficient to specifically reflect proper admonishments were given under the majority opinion authored today. In my mind, the only purpose of reciting in the judgment that the waiver was "intelligently and knowingly" made is to reflect that the admonishments were given.

We these comments, I respectfully dissent.

WHITE, J., joins this opinion.