NO. 12-02-00007-CR


 

IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


WAYNE HANDY,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


 Wayne Handy was found guilty by a jury of possession of cocaine. The trial court assessed
punishment at two years of confinement in a state jail facility. In one issue, Appellant asserts his
waiver of counsel was not made knowingly and intelligently. We affirm.


Waiver of Counsel

 In his sole issue, Appellant concedes he was admonished as to the dangers of self-representation but argues that he was not adequately apprised in a way he could understand. He
states that he "was completely clueless about what he had done when he waived his constitutional
right to counsel." Describing his trial as a "zoo," "debacle," and "suicidal bloodbath," he bases his
argument on portions of the record that show he was confused and ineffective as counsel for himself. 
It follows, he argues, that his waiver of counsel and decision to proceed pro se were not made
knowingly and intelligently.


Background


 Shortly after his arrest, Appellant filed a pauper's oath requesting the court to appoint an
attorney to defend him. The trial court appointed Gene Caldwell to represent Appellant. Almost five
months later the court granted Mr. Caldwell's request to withdraw. Three months later, Appellant
filed a second pauper's oath again requesting appointed counsel. Two weeks before trial, the trial
court appointed Stephen L. Hubbard to represent Appellant.

 On the day the case was set for trial, the trial court stated that, as a result of Appellant's
request to represent himself, she had appointed Mr. Hubbard as standby counsel. The trial court
admonished Appellant as to the punishment range for the offense and he said he understood. He
stated that he was twenty-six years old and has a GED. The trial court explained that she needed to
admonish Appellant regarding the disadvantages of self-representation. She pointed out that the
prosecutor is highly skilled and Appellant said he was aware of that fact. She reiterated that Mr.
Hubbard was there to advise Appellant if necessary but he was not going to speak on Appellant's
behalf. Appellant again said he understood. She emphasized that Appellant must assume the
responsibility to represent himself voluntarily and must understand the "downside" of self-representation. She explained that he would be responsible for complying with the rules of evidence
and procedure and proper courtroom demeanor as any attorney would be. Appellant again said he
understood. The trial judge further explained that the same would be true if he were convicted and
appealed his case. Also, she explained that if he represents himself, he does so for all purposes
before the jury. He stated that he was fully aware of that point. Finally, the trial court explained that
"voir dire, opening statement, examination of witnesses and cross-examination of witnesses,
preparation of the charge, closing argument, all of those matters will be handled just as an attorney
would do." Appellant said he understood.


Applicable Law


 Any defendant may dispense with counsel and represent himself. Faretta v. California, 422
U.S. 806, 821, 95 S. Ct. 2525, 2534, 45 L. Ed. 2d 562 (1975). To be constitutionally effective, that
decision must be made competently, knowingly and intelligently, and voluntarily. Id., 422 U.S. at
835, 95 S. Ct. at 2541. The decision to waive counsel and proceed pro se is made knowingly and
intelligently if it is made with a full understanding of the right to counsel, which is being abandoned,
as well as the dangers and disadvantages of self-representation. Id. The decision is made voluntarily
if it is uncoerced. Godinez v. Moran, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 n.12, 125 L.
Ed. 2d 321 (1993). The record must contain proper admonishments concerning pro se representation
and any necessary inquiries of the defendant so that the trial court may make an assessment of his
knowing exercise of the right to defend himself. Faretta, 422 U.S. at 836, 95 S. Ct. at 2541. The
record must show that the defendant was offered counsel but intelligently and understandingly
rejected the offer. Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). 


Discussion 


 Before allowing Appellant to proceed pro se, the trial court learned that Appellant was
twenty-six years old and had obtained the equivalent of a high school diploma. The court told
Appellant the punishment range for the offense. The court explained to Appellant that, if he
represented himself, he would have to abide by all of the rules attorneys must abide by. She
explained that appointed counsel would only aid him as standby counsel, not speak for him. She told
Appellant that the prosecutor is highly skilled and emphasized that Appellant must understand the
"downside" of self-representation. Appellant told the trial court that he understood all that she
explained to him. Based on the record before us, we conclude that Appellant's decision to proceed
pro se was knowing and intelligent. See Collier v. State, 959 S.W.2d 621, 626 (Tex. Crim. App.
1997). We find nothing in the record to indicate that his decision was not voluntary. There is no
requirement that a defendant have the skill and experience of a lawyer in order to competently and
intelligently choose to represent himself. Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App.
1989). While the choice must be knowingly and intelligently made, it need not be wise. Id. We
overrule Appellant's sole issue.

 We affirm the trial court's judgment.

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.




(DO NOT PUBLISH)