In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-209 CR


____________________



SHALANDRA DENISE WASHINGTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Jefferson County, Texas


Trial Cause No. 250179






MEMORANDUM OPINION


 A jury convicted appellant Shalandra Denise Washington (1) of the misdemeanor offense
of hindering apprehension or prosecution and assessed punishment at ninety days of
confinement, but recommended that Washington receive community supervision. The trial
court entered a judgment that convicted Washington and sentenced her to ninety days of
confinement, but suspended imposition of the sentence and placed Washington on
community supervision for one year. Washington then filed this appeal, in which she raises
two issues for our consideration: that the trial court failed to sufficiently admonish her
concerning the dangers of self-representation, and that she was denied her right to counsel. 
The State filed a brief in which it concedes error as to both of Washington's issues. We
reverse and remand.

 The Sixth Amendment, which provides that a defendant in a criminal case has the
right to counsel, also implies the right to self-representation. Faretta v. California, 422 U.S.
806, 807, 818-21, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "The Sixth and Fourteenth
Amendments of our Constitution guarantee that a person brought to trial in any state or
federal court must be afforded the right to the assistance of counsel before he can be validly
convicted and punished by imprisonment." Id. at 807; see also Collier v. State, 959 S.W.2d
621, 625 (Tex. Crim. App. 1997). A waiver of counsel must be made (1) competently, (2)
knowingly and intelligently, and (3) voluntarily. Collier, 959 S.W.2d at 625-26. "The
decision to waive counsel and proceed pro se is made 'knowingly and intelligently' if it is
made with a full understanding of the right to counsel, which is being abandoned, as well as
the dangers and disadvantages of self-representation." Id. at 626 (citing Faretta, 422 U.S.
at 834-36). The trial court must make a defendant "aware of the dangers and disadvantages
of self-representation, so that the record will establish that 'he knows what he is doing and
his choice is made with eyes open.'" Faretta, 422 U.S. at 835 (quoting Adams v. United
States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)); see also
Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). The record must reflect that
the trial court thoroughly admonished the defendant. Faretta, 422 U.S. at 834-36; Collier,
959 S.W.2d at 626 n.8. "[T]he record must be sufficient for the reviewing court to make an
assessment that the defendant was made aware of the dangers and disadvantages of the self-representation." Goffney, 843 S.W.2d at 585.

 In the case sub judice, the trial court stated at several points during voir dire that
Washington chose to represent herself, and the prosecutor also mentioned Washington's self-representation to the jury and inquired of the members of the venire whether any of them felt
that Washington's self-representation placed her at a disadvantage. The record also contains
a document entitled "Misdemeanor Plea Admonishments," signed by appellant, which recites
as follows, in pertinent part:

 I have the right to have an attorney represent me, and if I cannot afford one the
court will appoint one for me. I specifically waive my right to be represented
by an attorney, to consult with an attorney before I give up these enumerated
rights. [sic] It is my decision to represent myself, and I do so knowing the
dangers and disadvantages of self[-]representation.


Voir dire in Washington's trial began on April 17, 2006. The document containing the
purported waiver of counsel was not signed and filed until April 18, 2006, the day after the
trial began. Neither the clerk's record nor the reporter's record reflects that before
Washington's trial began, the trial court admonished her of the dangers of self-representation
and that Washington knowingly and intelligently waived the right to counsel. See Faretta,
422 U.S. at 834-36; Collier, 959 S.W.2d at 625-26, 626 n.8; Goffney, 843 S.W.2d at 585. 
Accordingly, we sustain issues one and two, and we reverse the trial court's judgment and
remand this cause for a new trial.

 REVERSED AND REMANDED.




 

 STEVE McKEITHEN

 Chief Justice


Submitted on July 21, 2008

Opinion Delivered July 30, 2008

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. On her notice of appeal and various other documents in the record, appellant spells
her first name as "Shalanda." However, on the information and the trial court's judgment,
appellant's first name is spelled "Shalandra."