Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00039-CR

Reynaldo Roberto **ESPARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2005-CRN-166D-3
Honorable Elma Salinas Ender, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed: January 14, 2009

AFFIRMED

Reynaldo Roberto Esparza was indicted on two counts of felony murder, two counts of felony aggravated kidnapping, and two counts of felony engaging in organized criminal activity. A jury returned a verdict of guilty on each count and assessed punishment of 99 years on each count. On appeal, Esparza argues that the trial court erred because (1) Esparza was not warned of his right to terminate the interview prior to custodial interrogation; (2) the evidence was legally insufficient to

support a conviction; (3) the evidence was factually insufficient to support a conviction; and (4) the plea agreement was enforceable by specific performance. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Esparza, a member of the Mexican Mafia, was ordered to assist in a plan to exact revenge on the two victims, who had stolen money from another Mexican Mafia member. The two victims were summoned to a home on Chicksaw in Laredo, where they were subdued at gunpoint, with their hands bound behind their backs with their own shoelaces. After being held a few hours, the victims were placed in the trunk of a car and driven to a second location, where they were shot and killed. The car was set on fire, and the perpetrators left the scene.

Esparza was later arrested for his participation in the crime, and indicted on two counts of felony murder, two counts of felony aggravated kidnaping, and two counts of felony engaging in organized criminal activity. Esparza initially entered a plea agreement whereby he pled guilty to two counts, and the remainder were dismissed. However, the plea agreement was subsequently revoked, and Esparza went to trial on all six counts. A jury returned a verdict of guilty on each count and assessed punishment of 99 years for each.

## CUSTODIAL INTERROGATION AND PLEA AGREEMENT

In his first issue, Esparza challenges the admission of his confession into evidence, arguing that he was not warned of his right to terminate the interview prior to custodial interrogation. In his fourth issue, Esparza argues that the plea agreement he had with the State, which was later revoked, should be enforced by specific performance. However, Esparza failed to raise a complaint about either of these issues during the course of the trial.

The general requirement for preservation of error is set forth in Rule 33.1(a) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 33.1(a). Succinctly, Rule 33.1 requires "a timely, specific objection and a ruling by the trial court" to preserve a complaint for appellate review. *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Yet an objection is not required in every instance. The Texas Court of Criminal Appeals has identified three categories of rules or rights: (1) systemic (or absolute) requirements; (2) waivable rights; and (3) forfeitable rights. *Id.* at 340. Rule 33.1(a) does not apply to a violation of the first two categories of rules or rights, and a violation of those rules or rights may be raised for the first time on appeal. *Id.* at 341.

A systemic requirement is "a law that a trial court has a duty to follow even if the parties wish otherwise." *Id.* at 340. Systemic rights include those that are statutorily or constitutionally mandated, or are otherwise not optional, waivable, or forfeitable by either party. *Sanchez v. State*, 120 S.W.3d 359, 365-66 (Tex. Crim. App. 2003). Absolute, systemic rights are rights about which a litigant has no choice and are independent of the litigant's wishes. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). The implementation of these absolute requirements and prohibitions is not optional, and is therefore neither waivable nor forfeitable by any party. *Id.*

Waivable rights are rights that a judge has an independent duty to implement absent an effective waiver by the defendant. *Id.* at 280. "Although a litigant might give [waivable rights] up and, indeed, has a right to do so, he is never deemed to have done so in fact unless he says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Id.* at 280 (*citing Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992)). These rights are "so fundamental to the

proper functioning of our adjudicatory process" that they do not vanish easily. *Marin*, 851 S.W.2d at 278-79.

Forfeitable rights arise from rules that are optional at the request of a defendant. *Id.* at 279. Rule 33.1 applies only to these rights. The judge is required to implement them only at the request of a party, and they are forfeited absent objection made at trial. *Id.* at 279-80; TEX. R. APP. P. 33.1. We find that the rights Esparza complains of in issues one and four fall into this category of forfeitable rights. Review of the record shows no complaints made regarding either of these issues. Consequently, Esparza's first and fourth issues are overruled.

### LEGAL AND FACTUAL SUFFICIENCY CHALLENGES

In his second and third issues, Esparza challenges the legal and factual sufficiency of the evidence supporting the trial court's verdict. When considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Hernandez v. State*, 198 S.W.3d 257, 260 (Tex. App.—San Antonio 2006, pet. ref'd). We affirm the trial court's judgment if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). When considering a factual sufficiency challenge, we look at the evidence in a neutral light giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

Esparza challenges the legal sufficiency of his convictions of murder, aggravated kidnapping, and engaging in organized criminal activity. A person commits murder if he "intentionally or knowingly causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2003). A person commits aggravated kidnapping "if he intentionally or knowingly abducts another person with the intent to . . . terrorize him. . . ." *Id.* § 20.04(a)(5). A person commits the crime of engaging in organized criminal activity "if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following: . . . murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnaping, . . . ." *Id.* § 71.02(a)(1).

Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *Id.* § 7.01(a) (Vernon 2003). A person is "criminally responsible" for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2). Evidence is sufficient to convict under the law of parties where the accused is physically present at the commission of the offense and encourages its commission by words or other agreement. *Ransom v. State,* 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). In determining whether an accused participated as a party, the fact finder may examine the events occurring before, during, and after the commission of the offense and may rely on actions of the accused that show an understanding and common design to commit the offense. *Id.* Further, circumstantial evidence may be used to prove party status. *Id.*

Reviewing the evidence in the light most favorable to the verdict, we hold a rational trier of fact could have found Esparza guilty beyond a reasonable doubt of all elements of the charged crimes. While there was no evidence presented confirming Esparza's presence and participation in the murders, evidence was presented showing Esparza's involvement in the plan to physically restrain the victims. Testimony showed that Esparza, a Mexican Mafia member, was ordered by another Mexican Mafia member to participate in the plan to seek revenge on the victims for stealing money that belonged to the Mexican Mafia. Esparza displayed his knowledge of this plan when he attacked the victims with a weapon (either an ice pick or a screwdriver), and observed his accomplices holding the victims at gunpoint. Esparza, by his own confession, was at the very least present when the victims were bound with their hands behind their back and held for hours at the Chicksaw Lane home. Testimony revealed that Esparza carried one of the victims to the car and placed him in the trunk, and that he and another accomplice followed the car carrying the victims to the site where the victims were shot and the car was set on fire. Even if Esparza did not shoot the victims himself, he is criminally responsible for the murders as his actions showed an "intent to promote or assist the commission of the offense" by aiding in its commission. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003). Consequently, the evidence was legally sufficient to convict Esparza of murder.

Similarly, the evidence was legally sufficient to convict Esparza of aggravated kidnapping. *See id.* at § 20.04(a)(5). As noted above, testimony and Esparza's own confession confirmed Esparza's role in confining the victims. Testimony also showed Esparza's participation in subduing the victims, tying them up, and placing them in the back of a car for transport. In addition, under the law of parties, the evidence was sufficient to convict Esparza as he was physically present at the

commission of the offense and encouraged its commission by words or other agreement. *See Ransom*, 920 S.W.2d at 302.

Finally, the evidence was legally sufficient to convict Esparza of engaging in organized criminal activity. A sheriff's deputy testified that Esparza signed a waiver of liability form indicating his participation in the Mexican Mafia, a criminal street gang. Testimony also revealed the impetus for the kidnapping and murders was the theft of Mexican Mafia money. Consequently, the evidence was legally sufficient to prove the elements of the crime. *See* TEX. PENAL CODE ANN. § 71.02(a)(1) (Vernon 2003). Esparza's third issue is overruled.

Esparza also argues the evidence was factually insufficient to support his convictions. Esparza contends that the sole source of most of the evidence presented to prove the elements of the crimes was unreliable, as the witness was involved in the crime and had lied in previous statements to police; however, the jury heard testimony that the witness had been threatened and told if he testified, he and his family were in danger of meeting the same fate as the victims. Similarly, Esparza attempted to discredit a witness who had served as a Texas Ranger for only a few months before assisting in the investigation, attacking his lack of experience and gaps in memory. While the witness had been a Ranger for only a few months, the jury also heard of his previous nineteen years of experience as a Texas Highway Patrolman and his experience investigating other violent crimes. When considering a factual sufficiency challenge, we give almost complete deference to the jury's determinations of credibility. *Lancon*, 253 S.W.3d at 705. Based on the evidence reviewed above, and the jury's determination of the witnesses' credibility, we cannot say the verdict was so weak that it was clearly wrong and manifestly unjust; nor was the evidence supporting the verdict outweighed by the great weight and preponderance of the available evidence. *See Watson*, 204

S.W.3d at 414-15. Therefore, the evidence was factually sufficient to support the jury's verdict. Esparza's fourth issue is overruled.

## CONCLUSION

Esparza failed to preserve two issues in which he challenged the admission of his confession into evidence and the revocation of his plea agreement. In addition, the evidence was legally and factually sufficient to support the trial court's verdict. Accordingly, the trial court's verdict is affirmed.

Catherine Stone, Chief Justice

Do not publish