COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON
MEMORANDUM ORDER


Appellate case name:      Andrew Gwyn v. The State of Texas

Appellate case number:    01-13-00465-CR

Trial court case number:  1336763

Trial court:              178th District Court of Harris County

On May 15, 2013, appellant, Andrew Christian Gwyn, was convicted of the felony offense of sexual assault of a child and sentenced to two years imprisonment. Appellant filed his notice of appeal on May 31, 2013. *See* Tex. R. App. P. 26.2. Because appellant filed a motion for new trial, the record was due on September 12, 2013. *See* TEX. R. APP. P. 35.2. The clerk's record was filed on September 11, 2013 and the reporter's record has not been filed.

On September 23, 2013, the court reporter responsible for preparing the record in this appeal informed the Court that appellant had not paid for the reporter's record. Although appellant was represented in the trial court by retained counsel who also signed the notice of appeal for appellant, the reporter further informed the Court that appellant's counsel advised the reporter that she does not represent appellant in his appeal. Nevertheless, if retained trial counsel does not wish to continue to represent an appellant, counsel must file a motion to withdraw. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004). No motion to withdraw appears in the record. Nor does the record contain any indication that appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of the right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West Supp. 2011); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *cf.* TEX. CODE CRIM. PROC. Ann. art. 1.051(g). Therefore, the record is unclear as to whom, if anyone, represents appellant on appeal.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Kathleen Robbins, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Determine whether counsel, Kathleen Robbins, intends to represent appellant on

appeal;

3) If counsel does not intend to represent appellant on appeal:

    a. Determine whether appellant is now indigent, and if appellant is indigent (i) appoint substitute appellate counsel at no expense to appellant and (ii) order the court reporter to file the reporter's record in this case within 25 days of the date of this order, at no cost to appellant;

    b. If appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:

        1. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or,

        2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;

4) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

5) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.8(b); *Whitehead*, 130 S.W.3d at 879; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Jane Bland</u>
           ☒ Acting individually    ☐ Acting for the Court

Date:  April 8, 2014