COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Devren Byerly v. The State of Texas

Appellate case number:   01-15-00038-CR

Trial court case number:  302287

Trial court:                County Court at Law No. 3 of Jefferson County

Proceeding *pro se*, appellant timely filed a notice of appeal of a judgment of conviction for the misdemeanor offense of terroristic threat. *See* TEX. PENAL CODE ANN. § 22.07 (West 2011). The clerk's record was filed on December 29, 2014. On February 5, 2015, the Clerk of this Court notified appellant that the court reporter had informed the Court that he had not made arrangements to pay for the record and this Court's records indicated that he was not appealing as an indigent, and the Court might consider the appeal without a reporter's record. When he did not respond, we notified appellant that the Court would consider the appeal on the record filed in this Court and ordered him to file a brief no later than September 10, 2015. On September 21, 2015, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court might be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not responded.

Rule 38.8(b) provides that in a criminal case an appellant's failure to file a brief does not authorize dismissal of the appeal, or consideration of the appeal without briefs unless the trial court has found that the appellant (1) no longer desires to prosecute the appeal, or (2) is not indigent but has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4); *see, e.g.*, *Derutte v. State*, No. 09-14-00228-CR, 2015 WL 1535693, at *1 (Tex. App.—Beaumont Apr. 1, 2015, no pet.) (mem. op., not designated for publication); *Ayala v. State*, No. 01-13-00393-CR, 2015 WL 161788, at *1 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no pet.) (mem. op., not designated for publication). Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to rule 38.8(b).

The trial court shall immediately conduct a hearing at which the appellant and a representative of the Jefferson County District Attorney's Office shall be present in person.[1] The

---

1   If he is now incarcerated, appellant may appear by closed-circuit video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound

court coordinator for the trial court shall set a date for the hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

1) Whether appellant wishes to pursue this appeal;
2) If so, whether appellant is now indigent and entitled to appointed counsel; and, if indigent:
    a. appoint appellate counsel at no expense to appellant; and
    b. order the court reporter to file the reporter's record with this Court at no cost to appellant;
3) If appellant is not indigent:
    a. admonish appellant regarding the dangers and disadvantages of self-representation, and determine whether he is knowingly and intelligently waived his right to counsel and, if so, obtain a written waiver of the right to counsel; or
    b. if appellant does not wish to proceed *pro se*, provide a deadline by which he must hire an attorney, which shall be no later than 30 days after the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), (g), 26.04; TEX. R. APP. P. 20.2; *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than 25 days from the date of this order. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd
⊠ Acting individually    ☐ Acting for the Court

Date: December 8, 2015

---

between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.