COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Cristen Coons v. The State of Texas

Appellate case number:    01-16-00201-CR

Trial court case number:  MD-0357952

Trial court:              County Court at Law No. 2 of Galveston County

Appellant filed a notice of appeal of the trial court's judgment signed on February 4, 2016. Appellant's retained counsel has filed, in this Court, a motion to withdraw from representing appellant. According to the motion, appellant wishes to pursue her appeal "but has no funds to pay her attorney, or for a copy of the trial court's record" and counsel "moves to withdraw on the grounds of payment." If she is indigent as the motion suggests, appellant is entitled to court-appointed counsel and to obtain the trial court record at no cost.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Galveston County District Attorney's Office and appellant's counsel, Keith A. Gross, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

(1)    whether appellant wishes to pursue this appeal;

(2)    if so, whether appellant is now indigent and entitled to appointed counsel; and if indigent:

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

a. appoint counsel to represent appellant on appeal, at no expense to appellant; and

b. order the trial court clerk and court reporter to file the clerk's record and reporter's record with this Court, at no expense to appellant;

(3) if appellant is not indigent:

a. admonish appellant regarding the dangers and disadvantages of self-representation, and determine whether appellant is knowingly and intelligently waiving her right to counsel and, if so, obtain a written waiver of the right to counsel; or

b. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

(4) make any other findings and recommendations the trial court deems appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 37.3(a)(2); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: _/s/ Russell Lloyd
☑ Acting individually


Date: April 7, 2016