**Opinion issued August 2, 2016.**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-15-00038-CR

———————————

### DEVREN KEITH BYERLY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Court Case No. 302287**

---

## MEMORANDUM OPINION

The trial court convicted appellant, Devren Byerly, of the misdemeanor offense of making a terroristic threat[1] and assessed his punishment at ninety days in

---

[1]     TEX. PENAL CODE ANN. § 22.07(c)(1) (West 2011).

jail and a $500 fine. The court suspended the sentence, placed appellant on community suspension for one year, and ordered appellant to perform fifty hours of community service, attend an anger management program, and have no contact with the complaining witness. Appellant argues on appeal that the trial court erred in allowing him to proceed pro se without proper admonishment or inquiry into whether he knowingly, intelligently, and voluntarily waived his right to counsel. The State has conceded error in this case. We reverse and remand for a new trial.[2]

## Background

Appellant was charged with committing a terroristic threat after an altercation between him and the complaining witness while they were at his grandmother's house.

Appellant arrived at his trial without counsel, and waived his right to a jury trial. The trial court proceeded without reference to the fact that appellant was without counsel, and without admonishing appellant about the hazards of pro se representation or his right to counsel. The trial judge only asked appellant if he was ready to begin, and commenced the trial.

During the course of the trial appellant made several errors and exhibited a general lack of understanding of trial procedure and rules, including failure to make

---

[2]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

an opening statement and an inability to get evidence admitted. The record reflects that appellant had difficulty in cross-examining the State's complaining witness arising out of his personal emotional involvement in the incident that gave rise to the charge. At the conclusion of the trial, the court found appellant guilty of making a terroristic threat and sentenced him to ninety days in jail and assessed a $500 fine. The court suspended appellant's sentence, placed him on community suspension for a year, required him to perform fifty hours of community service and attend an anger management program, and prohibited him from further contact with the complaining witness.

**Applicable Law**

The Sixth Amendment guarantees both the right to the advice of counsel and the reciprocal right to represent oneself during trial. U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533 (1975). If a defendant chooses to waive his right to counsel and assert his right to represent himself, the trial court must admonish him of the risks and challenges of self-representation. *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). A defendant's waiver of counsel is not effective unless it is made intelligently and knowingly with full knowledge of the right to counsel being abandoned and the perils of self-representation. *See Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). The trial court is responsible for

determining if a defendant has knowingly, intelligently, and voluntarily waived his right to counsel, and has clearly and unequivocally asserted his right to represent himself. *See Williams*, 252 S.W.3d at 356. If the record does not affirmatively show that a defendant was sufficiently admonished of the risks of self-representation or that he knowingly, intelligently, and voluntarily waived his right to counsel, it is reversible error, not subject to harm analysis. *See id.* at 357; *Goffney*, 843 S.W.2d at 585.

**Analysis**

Here, the record lacks any indication that the trial court admonished appellant regarding the dangers of self-representation, or inquired into whether appellant knowingly, intelligently, and voluntarily waived his right to counsel. Therefore, the trial court erred in failing to admonish appellant on the risks and dangers of pro se representation, and in failing to inform appellant of his constitutional right to be represented by counsel, and his right to appointed counsel if he could not afford counsel. We sustain appellant's sole issue.

## Conclusion

We reverse the trial court's judgment and remand for a new trial.


                                        Russell Lloyd
                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).