COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Neal Everett Bland v. The State of Texas

Appellate case number:   01-16-00117-CR

Trial court case number: 1372425

Trial court:             178th District Court of Harris County

Appellant, Neal Everett Bland, timely filed a notice of appeal of a judgment of conviction for the offense of capital murder. The trial court found that appellant was indigent for the purpose of paying for the clerk's and reporter's records and employing counsel. On May 2, 2016, appellant filed a motion, stating that he wished to substitute retained counsel, Carvana Hicks Cloud, for his appointed counsel on appeal, Terrence Gaiser. This Court granted the motion. On November 30, 2016, Carvana Hicks Cloud filed a brief on appellant's behalf. The State has not filed its brief.

On January 4, 2017, Carvana Hicks Cloud filed a motion to withdraw, stating that she has accepted a position with the Harris County District Attorney's Office effective January 1, 2017. However, the motion does not comply with Texas Rule of Appellate Procedure 6.5. The motion does not contain (1) a list of current deadlines in the case, (2) appellant's last known address, (3) a statement that a copy of the motion was delivered to appellant, or (4) a statement that he was notified in writing of his right to object to the motion. *See* TEX. R. APP. P. 6.5(a). The motion also does not show that it was delivered to appellant "in person or mailed—both by certified mail and by first-class mail—to [appellant] at [his] last known address." *Id.* 6.5(b). The motion is **denied.**

Counsel's motion does not indicate whether appellant has obtained substitute counsel. And, the record filed in this Court does not indicate that appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of his right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West 2016); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981)**.**

Accordingly, we abate the appeal and remand the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office; appellant's retained appellate counsel, Carvana Hicks Cloud; and appellant shall be present. If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

(1)  determine whether appellant still wishes to prosecute the appeal;
(2)  determine whether appellant's retained counsel should be allowed to withdraw from representing appellant on appeal;
(3)  if retained counsel is allowed to withdraw, determine whether appellant is now indigent;
(4)  if appellant is indigent, appoint appellate counsel at no expense to appellant;
(5)  if appellant is not indigent,
    a.    determine whether he has retained an attorney and, if so, obtain the name, address, and telephone number of retained counsel;
    b.    if appellant has not retained counsel, admonish appellant of the dangers of self-representation, and
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel, or
      ii. if appellant does not wish to proceed pro se, provide a deadline by which he must hire an attorney;
(6)  make any other findings and recommendations the trial court deems appropriate; and
(7)  enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; *cf. id.* art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

---

[1]  On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

2

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd
       ☑ Acting individually   ☐ Acting for the Court

Date: January 10, 2016