

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00038-CR

**MICHAEL CHRISTOPHER GLICK,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

From the County Court
Leon County, Texas
Trial Court No. 2018-22304

---

## MEMORANDUM OPINION

---

Michael Christopher Glick appeals from a conviction for unlawful installation of a tracking device. TEX. PENAL CODE ANN. § 16.06. In his sole issue, Glick complains that there is no waiver of his right to counsel in the record, which is required for the trial court to allow him to proceed without counsel. Because we find that the record does not contain any waiver of Glick's right to counsel, we reverse the judgment and remand for a new trial with appointed counsel if Glick is still indigent, retained counsel, or with a

valid waiver of his right to counsel.

The State did not file an appellee's brief in this proceeding, which we will treat as a confession of error. *State v. Police*, 377 S.W.3d 33, 35 (Tex. App.—Waco 2012, no pet.). However, the confession of error by the State is not conclusive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). We must make an independent examination of the merits of the issue presented for review. *State v. Police*, 377 S.W.3d at 35.

The Sixth Amendment guarantees both the right to the advice of counsel and the reciprocal right to represent oneself during trial. U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975). If a defendant chooses to waive his right to counsel and assert his right to represent himself, the trial court must admonish him on the record of the risks and challenges of self-representation. *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). A defendant's waiver of counsel is not effective unless the record reflects that it is made intelligently and knowingly with full knowledge of the right to counsel being abandoned and the perils of self-representation. *See Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). The trial court is responsible for determining if a defendant has knowingly, intelligently, and voluntarily waived his right to counsel, and has clearly and unequivocally asserted his right to represent himself. *See Williams*, 252 S.W.3d at 356. If the record does not affirmatively show that a defendant was sufficiently admonished of the risks of self-representation or that he knowingly,

intelligently, and voluntarily waived his right to counsel, it is reversible error, not subject to harm analysis. *See id.* at 357.

The record lacks any indication that the trial court admonished Glick regarding the dangers of self-representation, or inquired into whether Glick knowingly, intelligently, and voluntarily waived his right to counsel. Therefore, the trial court erred by failing to admonish Glick on the risks and dangers of *pro se* representation, by failing to inform Glick of his constitutional right to be represented by counsel and his right to appointed counsel if he could not afford counsel, and by failing to ensure that the record demonstrated that he knowingly, intelligently, and voluntarily waived his right to counsel. We sustain Glick's sole issue.

**CONCLUSION**

Having found reversible error in this proceeding, we reverse the judgment and remand this proceeding for a new trial with appointed or retained trial counsel or with a valid waiver of his right to counsel.

 

                      TOM GRAY
                      Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Reversed and remanded
Opinion delivered and filed October 2, 2019
Do not publish
[CR25]

