**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:          Gilbert Salinas v. The State of Texas

Appellate case number:      01-20-00300-CR

Trial court case number:     CR2016-140

Trial court:                          207th District Court of Comal County

On February 13, 2020, the trial court entered a Judgment Adjudicating Guilt against appellant, Gilbert Salinas, for the offense of evading arrest with a motor vehicle. The Clerk of the Court has examined the clerk's record filed in this appeal and found that the clerk's record does not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), 34.5(a)(12), 37.1. An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Further, appellant's retained counsel has filed a motion to withdraw as appellant's counsel. The motion does not indicate whether appellant has obtained substitute counsel, and the record filed with this Court does not indicate whether appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of his right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981).

Accordingly, we **abate the appeal** and remand for the trial court to, within thirty days of the date of this order, conduct a hearing at which a representative of the Comal County District Attorney's Office and appellant's counsel, Nathaniel Navey, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication

The trial court shall have a court reporter record the hearing. We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

(1)     whether appellant wishes to pursue this appeal;

(2)     determine whether appellant's retained counsel, Nathaniel Navey, should be allowed to withdraw from representing appellant on appeal;

(3)     if retained counsel is allowed to withdraw, determine whether appellant is now indigent and entitled to appointed counsel;

(4)     if appellant is indigent:

    a.     appoint counsel to represent him on appeal, at no expense to appellant; and

    b.     order the court reporter to file the reporter's record with this Court, at no expense to appellant;

(5)     if appellant is not indigent:

    a.     determine whether he has retained an attorney and, if so, obtain the name, address, and telephone number of retained counsel;

    b.     if he not retained counsel, admonish appellant regarding the dangers and disadvantages of self-representation, and

      i.     determine whether he is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or

      ii.     if he does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

(6)     prepare and execute a certification of appellant's right to appeal that complies with Texas Rule of Civil Procedure 25.2(d), indicating whether or not he has the right to appeal;

(7)     make any other findings and recommendations the trial court deems appropriate; and

(8)     enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 25.2(d), 37.3(a)(2).

The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right of appeal, along with the trial court's findings and recommendations with this Court no later than 30 days from the date of this order. The

---

of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: _____/s/ Evelyn V. Keyes_____
         ☑ Acting individually    ☐ Acting for the Court


Date: __August 6, 2020_____