COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Traymone Edward White v. The State of Texas

Appellate case number:   01-20-00238-CR

Trial court case number: 1527803

Trial court:             177th District Court of Harris County, Texas

Appellant timely filed a notice of appeal of a judgment of conviction for the felony offense of murder. *See* TEX. PENAL CODE § 19.02. The clerk's record was filed on April 27, 2020. The reporter's record was filed on May 26, 2020 and June 8, 2020. On July 17, 2020, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court might be required to order the trial court to conduct a hearing pursuant to rule Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not responded.

Rule 38.8(b) provides that in a criminal case, an appellant's failure to file a brief does not authorize dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found that the appellant (1) no longer desires to prosecute the appeal, or (2) is not indigent but has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4). Accordingly, on October 13, 2020, we abated this appeal and remanded the cause to the trial court for further proceedings pursuant to rule 38.8(b).

The trial court was ordered to immediately conduct a hearing at which the appellant and a representative of the Harris County District Attorney's office would be present in person or via video teleconference. The trial court has advised this Court that appellant's unit in the Texas Department of Criminal Justice does not have video teleconferencing capabilities. **Accordingly, the court may conduct a telephonic hearing without video.**[1] The court coordinator for the trial court shall set a date for the hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

---

[1]     On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

1) Whether appellant wishes to pursue this appeal;
2) If so, whether appellant's counsel has abandoned the appeal;
3) If so, whether appellant is now indigent and entitled to appointed counsel, and, if indigent, appoint appellate counsel at no expense to appellant; and
4) If appellant is not indigent and his counsel has abandoned the appeal:
   a. admonish appellant regarding the dangers and disadvantages of self-representation, and determine whether appellant has knowingly and intelligently waived his right to counsel and, if so, obtain a written waiver of the right to counsel; or
   b. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which shall be no later than 30 days after the date of the hearing.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 25.2(a)(2), (d), (f), *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *cf*. TEX. CODE CRIM. PROC. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than 25 days from the date of this order. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.6(d).

The appeal remains abated and will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: _____/s/ Russell Lloyd_____
                          Acting individually

Date: October 22, 2020