COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Robert Lee Crow v. The State of Texas

Appellate case number:   01-21-00725-CR

Trial court case number:  15-DCR-070689

Trial court:                     434th District Court of Fort Bend County

Appellant timely filed a notice of appeal of a judgment of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE § 22.02(a)(2). The clerk's record was filed on January 6, 2022 and supplemental clerk's records were filed on January 6, 2022, January 11, 2022, January 14, 2022, and March 8, 2022. The reporter's record was filed on January 25, 2022 and supplemental reporter's records were filed on January 26, 2022 and March 29, 2022. On March 15, 2022, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within ten days, the Court might be required to order the trial court to conduct a hearing pursuant to rule Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not responded.

Texas Rule of Appellate Procedure 38.8(b)(1) provides that in a criminal case, an appellant's failure to file a brief does not authorize dismissal of the appeal or consideration of the appeal without briefs. However, the Court may consider the appeal without briefs if the trial court has found that the appellant (1) no longer desires to prosecute the appeal, or (2) is not indigent but has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4). Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to rule 38.8(b).

The trial court shall immediately conduct a hearing at which the appellant and a representative of the Fort Bend County District Attorney's office shall be present.[1] The court

---

1    If he is now incarcerated, appellant may appear by closed-circuit video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

coordinator for the trial court shall set a date for the hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

1) Whether appellant wishes to pursue this appeal;
2) If so, whether appellant's counsel has abandoned the appeal;
3) If so, whether appellant is now indigent and entitled to appointed counsel, and, if indigent, appoint appellate counsel at no expense to appellant; and
4) If appellant is not indigent and his counsel has abandoned the appeal:
   a. admonish appellant regarding the dangers and disadvantages of self-representation, and determine whether appellant has knowingly and intelligently waived his right to counsel and, if so, obtain a written waiver of the right to counsel; or
   b. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which shall be no later than 30 days after the date of the hearing.

TEX. CODE CRIM. PROC. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than **twenty-five days** from the date of this order. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the reporter's record of the hearing no later than **thirty days** from the date of this order. *See* TEX. R. APP. P. 34.6(d). If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than **thirty days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: _____/s/ Julie Countiss_____
                                    Acting individually


Date: __April 12, 2022__