**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Alan Nelson Crotts v. The State of Texas

Appellate case number:    01-15-01108-CR

Trial court case number:    13-CCR-165781

Trial court:                      County Court at Law No. 3 of Fort Bend County

Proceeding *pro se*, appellant has appealed from a judgment of conviction for the misdemeanor offense of assault family violence. The clerk's record filed in this Court reflects that retained counsel represented appellant in the trial court. However, trial counsel did not sign appellant's notice of appeal, indicating that counsel did not intend to represent appellant on appeal. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003).

If retained trial counsel does not wish to continue to represent an appellant, counsel must file a motion to withdraw. *See Whitehead*, 130 S.W.3d at 879. The clerk's record here does not include a motion to withdraw or an order allowing counsel to withdraw. And, the record filed in this Court does not contain any indication that appellant has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of the right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (Vernon Supp. 2015); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

Accordingly, we abate the appeal and remand the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's trial counsel, Richard H. Cobb, shall be present. Appellant shall also be present for the

hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant wishes to prosecute the appeal, determine whether counsel, Richard H. Cobb, intends to represent appellant on appeal;
(3) if counsel does not intend to represent appellant on appeal, determine whether appellant is now indigent;
(4) if appellant is indigent, appoint appellate counsel at no expense to appellant;
(5) if appellant is not indigent,
    a.    determine whether he has retained counsel to represent him on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;
    b.    if appellant has not retained counsel, admonish appellant of the dangers and disadvantages of self-representation, and
        i. determine whether appellant has knowingly and intelligently waived his right to counsel; or
        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which shall be no later than 30 days after the date of this order;
(6) as appropriate enter an order allowing counsel to withdraw;
(7) make any other findings and recommendations the trial court deems appropriate; and
(8) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.6(a); *Whitehead*, 130 S.W.3d at 879; *Jones*, 98 S.W.3d at 703; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Terry Jennings</u>
                 ☒ Acting individually    ☐ Acting for the Court

Date: April 19, 2016