COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  Miguel E. Feraudy. v. The State of Texas

Appellate case number:  01-17-00078-CR

Trial court case number:  1512124

Trial court:  178th District Court of Harris County

Without an agreed punishment recommendation from the State, appellant, Miguel E. Feraudy, pleaded guilty to the felony offense of violation of a protective order, and the trial court assessed his punishment at confinement for eight years. The trial court executed a certification of appellant's right to appeal, stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Appellant filed a notice of appeal that his retained counsel, Antonio Benavides, signed.

The trial court's certification of appellant's right to appeal is defective. The certification states that this is a plea-bargain case, but the record contradicts the certification. *See* TEX. R. APP. P. 25.2(a)(2) (stating plea-bargain case is "case in which a defendant's plea was guilty or nolo contendere and  punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant"). Although he pleaded guilty, the record reflects that appellant pleaded guilty without an agreed recommendation as to punishment. Accordingly, this case is not a plea-bargain case.

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See id.* 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See id.* 25.2(f), 34.5(c)(2), 37.1, 44.4; *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Further, appellant's retained counsel has filed a motion to withdraw as appellant's counsel, representing that appellant has not employed Benavides to represent appellant on appeal. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004). The motion does not indicate whether appellant has obtained substitute counsel, and the record filed in this Court does not indicate whether he has been admonished regarding the dangers and disadvantages of proceeding pro se or made an intelligent and voluntary waiver of his right to counsel on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f) (West 2016); *Whitehead*, 130 S.W.3d at 879;

*Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981)**.**

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Antonio Benavides, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

(1)     whether appellant wishes to pursue this appeal;

(2)     determine whether appellant's retained counsel, Antonio Benavides, should be allowed to withdraw from representing appellant on appeal;

(3)     if retained counsel is allowed to withdraw, determine whether appellant is now indigent and entitled to appointed counsel;

(4)     if appellant is indigent:

    a.     appoint counsel to represent him on appeal, at no expense to appellant; and

    b.     order the court reporter to file the reporter's record with this Court, at no expense to appellant;

(5)     if appellant is not indigent:

    a.     determine whether he has retained an attorney and, if so, obtain the name, address, and telephone number of retained counsel;

    b.     if he has not retained counsel, admonish appellant regarding the dangers and disadvantages of self-representation, and

      i. determine whether he is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or

      ii. if he does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

(6)     execute an amended certification of appellant's right to appeal indicating whether or not he has the right to appeal;

(7)     make any other findings and recommendations the trial court deems appropriate; and

(8)     enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 25.2(f), 37.3(a)(2).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Russell Lloyd
              ☑ Acting individually    ☐ Acting for the Court


Date: March 9, 2017