COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Rodolfo Rico v. The State of Texas

Appellate case number:    01-21-00051-CR

Trial court case number:  16-CCR-190942

Trial court:                      County Court at Law No. 6 of Fort Bend County

The Clerk of the Court has examined the clerk's record and has found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include a copy of the trial court's certification of appellant's right of appeal.[1]  *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12).  This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Further, the complete record was filed in the above-referenced appeal on March 22, 2021. Appellant's brief was therefore due on April 21, 2021.  On April 29, 2021, the Clerk of this Court notified appellant that a brief had not yet been filed and required that a response be filed within 10 days.  Nevertheless, appellant's retained counsel, Lance C. Hamm, has neither filed a brief on appellant's behalf nor responded to the late-brief notice.

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings.  The trial court shall immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's trial counsel, Lance C. Hamm, shall be present.  Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

---

1    The record does contain a Certification of Defendant's Right of Appeal, but it is dated January 9, 2019 and only applies to appellant's plea of no contest, which resulted in appellant's placement on deferred adjudication.  *See* TEX. R. APP. P. 25.2(a)(2) (requiring trial court to enter certification each time it enters judgment or appealable order); *Hargesheimer v. State*, 182 S.W.3d 906, 912, 913 (Tex. Crim. App. 2006).  The record therefore does not contain a certification that pertains to the trial court's judgment of October 23, 2020, adjudicating appellant's guilt.

2    Any such teleconference must use a closed-circuit video teleconferencing system that

We direct the trial court to:

1) Execute a certification of appellant's right to appeal;
2) Determine whether appellant still wishes to pursue this appeal;
3) Determine whether counsel, Lance C. Hamm, intends to represent appellant on appeal;
4) If counsel intends to represent appellant on appeal:
   a. Inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf; and
   b. Set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;
5) If counsel does not intend to represent appellant on appeal:
   a. Determine whether appellant is now indigent;
      i. If so, appoint substitute appellate counsel at no expense to appellant;
      ii. If not, admonish appellant regarding the dangers and disadvantages of self-representation, and:
         1. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or,
         2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;
   b. After making the indigency determination, enter an order allowing counsel to withdraw;
6) Make any other findings and recommendations the trial court deems appropriate; and
7) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), (g), (f), 26.04; TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12), (c)(2), 38.6(a); 38.8(b); *Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders, and the certification of appellant's right to appeal, with this Court no later than **December 22, 2021**. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the reporter's record of the hearing no later than **December 22, 2021**. If the hearing is

---

provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than **December 22, 2021**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                ☑   Acting individually    ☐  Acting for the Court


Date:   <u>   November 23, 2021   </u>